UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| CHRISTOPHER GRANT, | ) | |
|---|---|---|
| Plaintiff | ) ) ) | |
| v. | ) ) | 1:11-cv-00176-JAW |
| MAINE DEPARTMENT OF CORRECTIONS, et al., | ) ) ) ) | |
| Defendants | ) | |

**RECOMMENDED DECISION**

Christopher Grant has filed an amended complaint (Doc. No. 6) naming the Maine Department of Corrections, Patricia Barnhart, the Warden of the Maine State Prison, and Joe Ponte, the Commissioner of the Department of Corrections, as defendants.[1] Additionally, and perhaps more significantly in terms of the complaint allegations, Grant has sued Correctional Medical Services, now known as Corizon, Inc. and Todd Tritch, M.D., a prison physician employed by Corizon at the Maine State Prison, alleging unspecified medical misdiagnosis and treatment. Corizon and Tritch moved to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (Doc. No. 23) and the state defendants have joined the motion (Doc. No. 26). I now recommend that the court grant the motion as to all defendants.

**Motion to Dismiss Legal Standard**

Federal Rule of Civil Procedure 12(b)(6) provides that a complaint can be dismissed for "failure to state a claim upon which relief can be granted." To decide a motion advanced on this basis, the Court accepts as true the factual allegations of the complaint, draws all reasonable

---

[1] On the same line of the amended complaint the name Martha Hallisey-Swift, Attorney General appears. Hallisey-Swift was not added as a defendant by the clerk and she does not represent the State in this action, so I am unsure why her name appears on Grant's amended complaint. The amended complaint itself describes a "continuing pattern of medical mistreatment and care." (Doc. No. 6 at 2 -3,§§ III(c), IV.) Hallisey-Swift was not named as a defendant in the original complaint (Doc. No. 1) or the affidavit in support of the complaint (Doc. No. 1-7).

inferences in favor of Grant that can be supported by the factual allegations, and determines whether the complaint, so read, sets forth a plausible basis for recovery. Trans-Spec Truck Serv., Inc. v. Caterpillar Inc., 524 F.3d 315, 320 (1st Cir. 2008). The touchstones of my analysis of this motion to dismiss are Ashcroft v. Iqbal, 556 U.S. 662 (2009) and Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007). The First Circuit summarized in Decotiis v. Whittemore: "The Federal Rules of Civil Procedure require a complaint to set forth 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" 635 F.3d 22, 29 (1st Cir. 2011) (quoting Fed. R. Civ. P. 8(a)(2)). The First Circuit reflected in Peñalbert–Rosa v. Fortuño–Burset, that "some allegations, while not stating ultimate legal conclusions, are nevertheless so threadbare or speculative that they fail to cross the line between the conclusory and the factual." 631 F.3d 592, 595 (1st Cir.2011).

When the plaintiff is a pro se litigant, the Court will review his or her complaint subject to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Additionally, the pleadings of pro se plaintiffs are generally interpreted in light of supplemental submissions, such as any response to a motion to dismiss. Wall v. Dion, 257 F. Supp. 2d 316, 318 (D. Me. 2003). In some circumstances, if it appears that a pro se litigant might be able to plead adequate facts if he or she better understood the applicable law, the Court may provide some opportunity to understand what the law requires, along with an opportunity to supplement the pleadings, all in order to avoid a scenario in which a pro se plaintiff's claims are summarily dismissed with prejudice based on a failure to plead sufficient facts. Rodi v. S. New Eng. Sch. of Law, 389 F.3d 5, 20 (1st Cir. 2004); Cote v. Maloney, 152 Fed. Appx. 6, 8 (1st Cir. 2005) (unpublished).

## Grant's Factual Allegations

Grant apparently mistakenly believes his pleadings are subject to some sort of "rolling start" theory of court procedure. He has filed the following documents that purport to set forth his allegations against these defendants: (1) the original complaint, supported by a memorandum, various exhibits, and an affidavit (Doc. No. 1, 1-1 to1-7); (2) an amended complaint on the form used by prisoners for filing complaints under 42 U.S. § 1983 (Doc. No. 6); (3) an impermissible response to the answer to amended complaint (Doc. No. 19); a letter to the clerk describing an incident involving medical care after the complaint arose (Doc. No. 21); and, finally, a response to the Motions to Dismiss (Doc. No. 33). Relying upon Grant's original complaint, his affidavit and exhibits, his amended complaint, and his response to the motion to dismiss, (the only pleadings that this court could possibly consider in making its determination as to how to address these motions to dismiss), I conclude that Grant has alleged the following factual allegations.[2]

Grant's health problems date from at least March 15, 2008, when he was admitted to the emergency department of Penobscot Bay Medical Center because of his diabetes and elevated triglycerides. At that time he was described as "awake, alert, pleasant and in no distress." (Doc. No. 1-6.) On October 3, 2008, he was admitted to Penobscot Bay Medical Center for an operation on a hernia. At that time Dr. Todd Tritch was identified as his primary physician. (Doc. No. 1-5.) On January 4, 2009, a physician at the Penobscot Bay Medical Center observed a "fatty infiltration of the liver" when he examined Grant. (Doc. No. 1-3.) On June 30, 2010, Grant was seen for a follow-up examination by Drs. Harrington and Campbell of Maine Medical

---

[2] Grant also filed some type of addendum on September 26, 2011 (Doc. No. 27). The addendum discusses medication issues that arose when he was transported to the Washington County Jail for a court appearance. Nothing in the addendum mentions any of these defendants and it seems to implicate a Nurse Amy and a Dr. Caplain in some kind of medication issue. I do not view this addendum as a cognizable pleading allowed under the Rules of Procedure.

Partners and they reported a diagnosis of "chemical hepatitis," "improving as lipid and glucose control is improved." They assessed it appropriate to continue the "current regimen of lisinopril." (Doc. No. 1-4.) Grant has serious medical conditions involving a lipid disorder and diabetes. (Doc. No.1-2.) Prior to September 29, 2010, he had been treated by Kristy Surprise at Maine Medical Partners Endocrinology and Diabetes Center and his diseases were well controlled with medications. (Id.)

Grant believes that his treatment at Maine State Prison by Corizon employees has been improper and that Tritch has given him "the wrong medication several times." (Grant Aff., Doc. No. 1-7.) Grant complains that the Department of Corrections did not handle his grievances properly. (Am. Compl. at 2, § II (C), Doc. No. 6.) He also alleges that "staff" failed "to provide proper medical care, interfered with medications, and ignored numerous complaints." (Id. § IV.) Grant alleges that the March 15, 2008, October 3, 2008, and January 4, 2009, trips to Penobscot Bay Medical Center were due to "defendants'" careless medical treatment. Grant states his complaints in terms of both gross negligence and deliberate indifference when he describes the defendants' conduct. (Resp. Mot. Dismiss, Doc. No. 33.)

## Discussion

*The State Defendants*

Grant brings his federal action pursuant to 42 U.S.C. § 1983 and he has named as state defendants the Department of Corrections, Commission Ponte, and Warden Barnhart. None of his various pleadings state any claim against Ponte or Barnhart in terms of any action they personally undertook concerning Grant. Based on the allegations it is unlikely that either Ponte or Barnhart has ever heard of Grant and there is nothing to suggest any personal liability for money damages on their part. The Department of Corrections, the Commissioner in his official

capacity, and the Warden in her official capacity cannot be sued for monetary damages under 42 U.S.C. § 1983. See Will v. Mich. Dept. of State Police, 491 U.S. 58, 64, 70 (1989) (neither a state nor its agencies may be sued in any court, federal or state, for a violation of 42 U.S.C. § 1983 because neither the state nor its agencies is a "person" within the meaning of that statute). Additionally, the Eleventh Amendment prevents a state and its agencies from being sued in federal court. Poirier v. Mass. Dept. of Corrections, 558 F. 3d 92, 97 & n. 6 (1st Cir. 2009) (states and their agencies are entitled to immunity). A suit against Ponte or Barnhart in his or her official capacity is tantamount to a suit against the State of Maine. See Kentucky v. Graham, 473 U.S. 159, 165 (1985). Furthermore, neither Ponte nor Barnhart can be held liable for the unconstitutional conduct of his or her subordinates by way of the doctrine of respondeat superior in a 42 U.S.C. § 1983 action. Iqbal, 129 S.Ct. at 1948.

To the extent Grant is attempting to frame his amended complaint as a suit for declaratory relief seeking an injunction requiring the Department of Corrections to provide him with some other or additional medical treatment, the state defendants correctly point out that even if this court considers all of the additional supplemental facts pled by Grant, his allegations do not show any conduct on the part of the State of Maine that would rise to the level of "deliberate indifference to a serious medical need." (Reply Mot. Dismiss at 2, Doc. No 36.) According to Grant's own allegations he has been transported to outside health facilities when deemed medically necessary and during the course of his imprisonment he has received regular treatment by a licensed medical provider at the prison. His complaints are about the quality of the medical judgments that were exercised in his case. Non-medical prison officials are entitled to defer to the professional judgment of the prison's medical providers on questions of prisoners' medical care. Hayes v. Snyder, 546 F. 3d 516, 527 (7th Cir. 2008). The allegations simply do

not state a claim of deliberate indifference on the part of the corrections officials. The state defendants are entitled to have the complaint dismissed because Grant has not alleged nonconclusory facts that would warrant this court's issuance of injunctive relief against them.

*The Medical Defendants*

Turning to Corizon, Inc. and Todd Tritch, the actual providers of the medical care and treatment, both defendants are treated as state actors for purposes of this recommended decision.[3] In order to set forth a claim under the Eighth Amendment to the United States Constitution, Grant must allege nonconclusory facts that demonstrate more than a mere disagreement about treatment methods. The Supreme Court has established that an Eighth Amendment claim of "cruel and unusual punishment" based on medical mistreatment requires more than "an inadvertent failure to provide adequate medical care" and must involve "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). "There is an objective and subjective component to the deliberate indifference inquiry. A plaintiff must establish: (1) that he suffered from an objectively serious medical need; and (2) that a prison official was subjectively aware of, yet failed to attend to, this objectively serious medical need." Parlin v. Cumberland County, 659 F.Supp.2d 201, 208 (D.Me. 2009) (citing Farmer v. Brennan, 511 U.S. 825 (1994)). "'Deliberate

---

[3] Corizon, Inc. and Tritch invite the court to assume they qualify as state actors for purposes of applying § 1983. (See generally Mot. Dismiss, Doc. No. 23); see also Woodward v. Corr. Med. Servs. Ill., Inc., 368 F.3d 917, 927 n. 1 (7th Cir.2004); Natale v. Camden County Corr. Facility, 318 F.3d 575, 583-85 (3d Cir.2003). The Seventh Circuit's Woodward analyzed the corporation/defendant's Eighth Amendment liability for the suicide of an inmate by viewing the corporation as acting under state law as a municipality. 368 F.3d at 927 & n. 1. Thus, as Corizon, Inc. acknowledges (Mot. Dismiss at 5, citing Santiago v. Fenton, 891 F.2d 373, 381 (1st Cir. 1990)), the court must examine the record as it pertains to Corizon under the Monell v. Department of Social Services, 436 U.S. 658 (1978) standard for assessing municipal "policy or custom" liability. Recent litigation regarding private contractors operating federal prisons has called in question the application of Eighth Amendment standards in those circumstances under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). See Pollard v. The GEO Group, 629 F.3d 843 (9th Cir. 2010) (cert. granted)). However, there is no reason to consider that case in the context of this 42 U.S.C. § 1983 claim against these medical treatment providers at a state run prison.

indifference' is a state-of-mind requirement that goes beyond negligence." Id. (citing Estelle, 429 U.S. at 106).

The corporate defendant, Corizon, Inc., can only be liable for its own constitutional violations and not for those of its employees. "It is axiomatic that the doctrine of respondeat superior does not apply to claims under Section 1983." Gaudrault v. Municipality of Salem, Mass., 923 F.2d 203, 209 (1st Cir. 1990); see also Iqbal, 129 S.Ct. at 1948. This rationale regarding respondeat superior has been applied not only to municipalities under § 1983, but it has also been extended to the liability of private medical providers at state institutions in relationship to the alleged constitutional violations of their employees/supervisees. Leavitt v. Corr. Med. Servs., Inc., 645 F.3d 484, 502 (1st Cir. 2011). Grant's allegations do not implicate any wrongful acts by Corizon, Inc., either by way of policy or customs or by direct action on the part of the corporation. Grant asserts that "C.M.S." failed "to provide proper medical care, interfered with medications and ignored numerous complaints." (Am. Compl. at 3, § IV, Doc. No. 6.) He gives no specifics, other than the individual acts attributed to Tritch. The complaint does not state a claim against Corizon, Inc.

The claims against Tritch personally come closer to the mark, but in the final analysis, albeit a close question, Grant has still failed to allege any facts that would support the subjective component of a deliberate indifference claim on the part of Tritch. Even assuming that Tritch's substandard medical treatment was the reason for Grant's three trips to the hospital, his failure to be aware of more appropriate treatment does not form the basis for a deliberate indifference allegation. Leavitt, 645 F.3d at 503 ("Perhaps Tritch was not as aware as one would like a medical professional to be, but 'an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot ... be condemned as the

7

infliction of punishment,' let alone punishment cruel and unusual.") (citing Farmer, 511 U.S. at 838).

In order to state a claim against Tritch, Grant would have to allege facts from which a factfinder would be able to infer that Tritch had prior knowledge of the need for specific medical care and intentionally refused to provide that care. Leavitt, 645 F.3d at 499. Grant's only specific allegation pertaining to Tritch is that Tritch gave him the "wrong medication" on several occasions. (Grant Aff., Doc. No. 1-7.) He does not suggest that the incorrect medication was given to punish him or because of any other deliberate conduct on Tritch's part, such as a desire to avoid expenditures. Grant's objection to the course of treatment provided by Tritch does not amount to a constitutional violation. See Parlin, 659 F.Supp.2d at 208. There is no issue based on these allegations about the complete denial of basic care. Grant's own allegations and exhibits establish that he was receiving what was deemed by an outside provider to be an appropriate course of treatment with medication and was doing well at one point in time. He has alleged serious medical needs, but that component is only one-half of the equation. Grant has failed to allege that Tritch exhibited deliberate indifference to those needs. At best he has alleged a state claim of medical malpractice or negligence. See Feeney v. Corr. Med. Servs, Inc., 464 F.3d 158, 162 (1st Cir. 2006).

## Conclusion

Based upon the foregoing I recommend that the motions to dismiss for failure to state a claim pursuant to 42 U.S.C. § 1983 of both sets of defendants be granted. To the extent the complaint alleges state law claims of medical malpractice against Corizon, Inc. and Tritch, those claims should be dismissed without prejudice.

NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

November 16, 2011